WR-81,532-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 1/2/2015 7:19:51 AM
Accepted 1/2/2015 4:17:11 PM
ABEL ACOSTA
CLERK

# THE LAW OFFICE OF CHAD BARUCH

*An Appellate Practice*
**3201 Main Street**
**Rowlett, Texas 75088**
**Telephone: (972) 412-7192**
**Facsimile: (972) 412-4028**
**BaruchEsq@aol.com**

January 2, 2014

RECEIVED IN
COURT OF CRIMINAL APPEALS

January 2, 2015

ABEL ACOSTA, CLERK

***By E-Filing***
Abel Acosta, Clerk
The Court of Criminal Appeals
Post Office Box 12308
Austin, Texas 78711

      RE:   *In re Bernhardt Tiede II*
              No. WR-81,532-01

Dear Mr. Acosta:

Please circulate this letter to the justices. District Attorney Danny Buck Davidson recently admitted in writing to possessing evidence rebutting the very findings he agreed to in the trial court.

On December 23, 2014, counsel for Davidson sent the attached letter contesting an Open Records Act request for evidence associated with Mr. Tiede's substantial theft and use of Marjorie Nugent's money. According to District Attorney Davidson:

> [Tiede's] conduct may be relevant to explain why Tiede murdered her and hid her body in a freezer. The concealment of the body and deception in the withdrawals ***appears contrary to the "sudden passion/emotion" as stated on page 11 paragraph 64 of the Findings of Fact of the Trial Court.*** The deceptive conduct and deliberate acts of Tiede for a period of nine (90 months after the murder is relevant to . . . rebut or counter the "new evidence" which arose in the Writ Hearing.

Additionally the information withheld contains evidence . . . relevant to rebut the alleged "verbal abuse" Tiede was subject to by Marjorie Nugent which is cited in the Findings of Fact, Conclusions of Law, Recommendations and Order on Page 5 paragraph #26 . . . and the reason Tiede could not end their relationship cited on page 8 paragraph #44.

As the Court will recall, Davidson agreed to the very findings cited in this letter, testified that he would have sought a sentence based on the "sudden passion" provision of the Texas Penal Code, and—most disturbing of all—failed to mention any of this "rebuttal" evidence to the trial judge.

Even Davidson now admits possessing substantial evidence to support the Tiede's sentence notwithstanding the "new evidence." Davidson admits this evidence is contrary to factual findings he agreed to during the writ hearing.

The Family of Marjorie Nugent reiterates its suggestion, as an amicus curiae party, that this Court reconsider its decision in this case.

/s/Charles "Chad" Baruch

copies: Jodi Cole
Danny Buck Davidson
The Honorable Diane DeVasto
Clerk, 123rd Judicial District Court

# UNDERWOOD LAW OFFICE

324 West Panola
P.O. Box 1138
Carthage, Texas 75633
Telephone: (903) 693-2303
Fax: (903) 693-2356

Robert Underwood
Texas Board of Legal Specialization
Civil Trial Law &
Personal Injury Trial Law
R. Collin Underwood

---

*Via Certified Mail No. 7012 0470 0001 5041 4114*

December 23, 2014

**THE HONORABLE GREG ABBOTT**
**TEXAS ATTORNEY GENERAL**
**ATTN: OPEN RECORDS DIVISION**
**PO BOX 12548**
**AUSTIN TX 78711-2548**

Re:     Request for Attorney General Decision and Submission / Two (2) December 12, 2014 Shanna
        Nugent requests to Panola County Criminal District Attorney

Dear Attorney General Abbott:

        This letter serves as submission to the Attorney General of Texas pursuant to Section 552.301(e)
of the Public Information Act (the "Act"). The undersigned Attorney represents the Panola County
Criminal District Attorney and Panola County Criminal District Attorney's Office in this matter. This
letter serves as request for a decision by the Attorney General on the question that exceptions apply to
withhold information which was requested by Shanna Nugent in the two (2) requests dated December 12,
2014.

        Copies of the two (2) December 12, 2014 Shanna Nugent requests to Criminal District Attorney
Danny Buck Davidson of Panola County are attached.

        A signed statement by  Criminal District Attorney Danny Buck Davidson is attached showing the
Panola County Criminal District Attorney's Office received the "Request for Evidence and Waiver of
Fees" and "Request for Public Documents and Waiver of Fees" from Shanna Nugent on December 16,
2014.

**Background:**

        In November 1996 Bernie Tiede murdered Marjorie Nugent by shooting her with a gun and
placed her body in a freezer. Her body was discovered in August of 1997. Tiede was convicted of
murder and sentenced to life.

        Tiede was also indicted for theft in a multi-count indictment for appropriating money from the
Nugents after he murdered her. The theft case has not been tried but is pending. The theft indictment
and docket sheet is attached.

        In 2014 Tiede filed a writ of habeas corpus in the murder case in the Texas Court of Criminal
Appeals. The Trial Court's Order in the writ recommended a new punishment phase of the murder

003

conviction. The Findings of Fact, Conclusions of Law, Recommendation and Order is attached. In November of 2014 the Texas Court of Criminal Appeals ordered a new sentencing trial. The Mandate is attached.

**Reasons for exceptions to apply:**

Government Code section 552.108(a)(1) protects information that pertains to specific pending criminal investigation or prosecution. The indictment number 1997 – C – 104 styled the *State of Texas versus Bernhardt Tiede II*, theft over $200,000 is pending in the 123rd Judicial Court. It is a ten (10) count indictment for unlawfully appropriating money from Dr. Rod Nugent or the heirs of Mrs. R.M. Nugent, which is Marjorie Nugent, after Tiede murdered her. The pending indictment and docket sheet are attached. The Criminal District Attorney has not dismissed the theft indictment.

The term "information" is used to include all items requested.

The requested information contains evidence or information relevant to the specific investigation and prosecution of the pending felony theft indictment. The relevant information would largely be the bank statements and cancelled checks which may be used to prove the illegal withdrawals by Tiede from the Nugent accounts through a Power of Attorney <u>after</u> he murdered her. At this time none of the documents have been admitted into evidence. A representative sample of the information is labeled and attached.

The information is also relevant to the specific investigation and prosecution in the new punishment trial in the murder case since Tiede acted in a knowing deceptive course of conduct over several months by withdrawing large sums of money and spending or giving it away. This conduct may be relevant to explain why Tiede murdered her and hid her body in a freezer. The concealment of the body and deception in the withdrawals appears contrary to the "sudden passion/emotion" as stated on page 11 paragraph 64 of the Findings of Fact of the Trial Court. The deceptive conduct and deliberate acts of Tiede for a period of nine (9) months after the murder is relevant to prove the intentional murder and to rebut or counter the "new evidence" which arose in the Writ Hearing. The information withheld contains clear evidence of this conduct after the murder.

Additionally the information withheld contains evidence of the expenses and expenditures spent by Tiede and Marjorie Nugent prior to the murder. This evidence is relevant to rebut the alleged "verbal abuse" Tiede was subject to by Marjorie Nugent which is cited in the Findings of Fact, Conclusions of Law, Recommendations and Order on page 5 paragraph #26, and the "deteriorated" relationship between them cited on page 7 paragraph #43, and the reason Tiede could not end their relationship cited on page 8 paragraph #44. Evidence of the amount of money being spent can explain some of the "new evidence" arising from the writ.

In Requestor's "Request for Public Documents" includes correspondence from the deceased's family (#8), the opposing attorneys in the habeas corpus (#9), the mental experts in the murder trial and habeas corpus (#12). These items contain information which are involved in two active felony prosecutions and should not be disclosed with pending prosecution. The "decision making process" information requested in #13 is clearly exempt from disclosure.

The Criminal District Attorney Danny Buck Davidson of the 123rd Judicial Criminal District objects to any disclosure of the requested items. Clearly the theft case is pending. The murder case is pending since the Court of Criminal Appeals ordered a new murder punishment stage. All of the information items requested by the Requestor Nugent are potential exhibits to prove the motive, deception, fraud, and theft committed by Tiede in the murder and theft case.

The copy of this letter sent to the requestor Shanna Nugent is being redacted pursuant to Government Code section 552.301(e-1) so to not reveal the substance of the information.

Therefore, based upon the foregoing exceptions the requested information should not be disclosed.

The same issues, exclusions, arguments are similar, if not identical, to the issues in the attached Texas Attorney General Letter Ruling OR2014-22528. The following items are identical in both requests: #4 laptop computer, #5 videos, #6 answering machine tape, #11 notes and cards.

If you should need additional information please contact me.

Thank you.

Yours truly,

Robert Underwood

Cc:
Shanna Nugent     (Redacted copy)
Attorney at Law
14285 Midway Road Suite 130
Addison TX 75001
Via Fax

Criminal District Attorney Danny Buck Davidson

Attachments:
1.  Two (2) Shanna Nugent Requests
2.  Signed Statement by Criminal District Attorney regarding date
3.  Two (2) Responses
4.  Findings of Fact, Conclusions of Law, Recommendation and Order and Mandate
5.  Two (2) Indictments
6.  Theft Docket sheet
7.  Documents labeled sample of Nugent records Gov. Code 552.108(a)(1)

005